SHEPARD, Chief Justice,
dissenting.
The essence of today’s holding is that an erroneous jury instruction about tort liability is harmless even where 1% difference in fault separates a defense verdict from a plaintiffs verdict.
Howard’s lawyer repeatedly urged the jury that his client was “just a 17-year-old kid” and asked the judge to tell the jury that he need only be held to the standard of a 17-year-old. Faced with the knowledge that this is how the court would instruct the jury, defense counsel necessarily argued that Howard was actually quite a mature 17-year-old, more like an adult.
All five of us agree that the instruction was error, that the court should have instructed the jury that Howard was to be held to the standard of an adult. Had a proper instruction been given, Howard’s counsel would not have been able to argue that he should be held to the standard of a “little kid.” And, Penn Harris counsel would not have been forced to argue “maturity beyond his years.”
So, the question is whether we can say the court’s error was harmless. Among the ways one can assess this is to ask what we might do in the more common setting, that is, comparative fault.
If a plaintiff had been injured by a 17-year-old reckless driver, and the jury was told that he should be held only to the standard of care expected from a 17-year-old, and the jury found for the defendant by allocating fault at 51-49,1 would expect we would say that the plaintiff should get a new trial in light of the closeness of the call. If the jury had instead returned a defense verdict at 65-35, not really a close call, we might very well hold that the erroneous instruction “did not affect the substantial rights of the parties,” to use the test of Trial Rule 61.
This appeal, of course, arises in a contributory negligence setting. The jury is thus asked to decide whether the defendant is 100% at fault or only 99% at fault. For the same reason I would vote to give the plaintiff whose fate was decided by the narrowest of margins a new trial before a properly instructed jury, I think the defendant here is entitled to the same.